WILLIAM A. DAVENPORT, AN INFANT, BY HIS NEXT FRIEND, PLAINTIFF-APPELLANT, v. DOUGLAS Y. McCLELLAN, DEFENDANT-RESPONDENT.

Argued November 18, 1915—Decided March 6, 1916.

1. An intervening cause is an act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause.
2. The defendant negligently omitted to extinguish a fire he had started in a public street, leaving it burning and unguarded; a child, five years of age, playing in the street, put on the fire additional leaves, and in doing this his clothing caught fire and he was thereby injured. *Held,* that the act of the child was not an intervening cause which destroyed the causal connection between the defendant's act and the injury, and that defendant's negligent act was the proximate cause.

On appeal from the Supreme Court, Essex Circuit.

For the plaintiff-appellant, *Terry Parker.*

For the defendant-respondent, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff's case established these facts: The defendant built a fire in one of the public streets of East Orange for the purpose of burning leaves which he had collected in a heap which was about two feet wide and three feet long; that after the fire had been burning about an hour, he left it unextinguished and unguarded, and the plaintiff, a child of about five years of age, playing in the street, gathered other leaves and put them on the fire, thereby causing a flame which set fire to his clothing and he was severely burned, resulting in the injuries for which he brought this action.

The trial court directed a judgment of nonsuit upon the ground that the act of the child was an intervening cause, and therefore the negligence of the defendant was not the proximate cause of the injury. From this judgment the plaintiff appeals. As a basis for the ruling, the trial court assumed that the defendant was negligent, but not liable because his act was not the proximate cause, the act of the child intervening. We think that there was sufficient proof on the question of negligence to require that it be submitted to the jury. On the question of intervening cause, we think the trial court was clearly in error. An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause. *Cuff, Administratrix,* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17; *Claypool* v. *Wigmore,* 71 *N. E. Rep.* 509. In *Scott* v. *Sheppard,* 2 *Bl. R.* 892; *Smith L. Cas.* 797, the defendant was held liable for injuries arising from the throwing of a lighted squib, although it had passed through the hands of at least two persons before it exploded, each adding a new propelling force, which the court held was but the continuance of the original wrong, the unlawful throwing of the lighted squib, and that the proximity of defendant's act was not destroyed by what happened between the throwing and the explosion of the squib. The starting of a fire in a public street is the committing of a nuisance, and the wrong-doer in leaving it still burning and unguarded is responsible for the consequential damages which it may be reasonably apprehended will result from such an act, one of them being, that very young children without capacity to estimate or appreciate the danger may, while playing in the street, interfere with it. The act of the child, in the present case, was not an intervening cause, in that it destroyed the causal connection between defendant's negligent act and the resulting injury, but rather an act which contributed to it, and if the plaintiff was of sufficient age to be charged with contributory

NOVEMBER TERM, 1915.          655

*88 N. J. L.*          Birch v. Mfrs. Liability Ins. Co. of **N. J.**

negligence, it might be a good defence, but this plaintiff was only five years old when he was injured, and the court would not have been justified in holding, as a matter of law, that he was of sufficient capacity to be charged with such negligence, and the most favorable action the defendant was entitled to was the submission of that question to the jury, and therefore it was error to nonsuit either upon the ground of intervening cause or contributory negligence.

The judgment appealed from will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Terhune, Heppenheimer, Williams, Taylor, JJ. 15.