CATHERINE MAHER, ADMINISTRATRIX, APPELLANT, v.
MAGNUS COMPANY, INCORPORATED, RESPONDENT.

Argued December 5, 1923—Decided March 3, 1924.

On appeal from the Supreme Court, whose opinion is re-
ported in 1 *N. J. Mis. R.* 469.

For the appellant, *Thomas J. Brogan.*

For the respondent, *Alexander Simpson.*

PER CURIAM.

This action was brought in the Essex Circuit Court to
recover the pecuniary loss sustained by the next of kin of
Michael Maher, deceased, by reason of his death, which, as
the plaintiff averred, was the direct result of negligence on
the part of the defendant company. The trial resulted in a
verdict and judgment in her favor, and an appeal was there-
upon taken to the Supreme Court. The hearing on that
appeal resulted in an affirmance of the judgment there under
review. It is now contended before us that there was error
in the judgment of affirmance.

Our examination of the case satisfies us that this contention
is without merit and that the judgment of the Supreme Court
should be affirmed, for the reason stated in its opinion.
We observe in that opinion, however, what seems to us to
be an inaccurate statement of the law with relation to the
inference to be drawn from circumstantial evidence in a suit
of this character, the court saying: "In a civil case it is not
necessary to exclude the possibility of other inferences in
order to make a case for the jury;" that is, as we understand
the expression, inferences which would tend to show that
the negligence of the defendant was not the producing cause
of the accident. The true rule upon this subject is laid down
by us in the case of *Suburban Electric Company* v. *Nugent,*
58 *N. J. L.* 658, as follows: "In the absence of direct

evidence the plaintiff must show the existence of such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant and exclude the idea that it was due to a cause with which the defendant was unconnected." To the same effect is our later declaration in the case of *McCombe* v. *Public Service Ry. Co.,* 95 *Id.* 187.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 11.

*For reversal*—None.