UNION COUNTY COURT OF COMMON PLEAS.

WILLIAM A. HARTY, PLAINTIFF, v. ELIZABETHTOWN CONSOLIDATED GAS COMPANY, A CORPORATION, DEFENDANT.

Decided May 10, 1933.

·For the plaintiff, *Martin P. O'Connor.*

For the defendant, *Francis A. Gordon.*

THOMPSON, C. P. J. The complaint in this case is grounded on the alleged negligence of the defendant in maintaining a supply of gas in a pipe called a *riser* inside the cellar wall of plaintiff's residence, so defective in condition that when "jarred and inadventently slightly touched" the pipe broke and gave forth gas fumes by which plaintiff was overcome and, as a result, fell to the floor, sustaining certain physical injuries as well as suffering from the effects of the gas itself.

The proof is that while plaintiff was engaged in splitting wood in the cellar in the vicinity of the gas pipe, using a hatchet as a wedge which he was driving into the wood by means of blows on the hatchet head with an axe, the axe glanced off, struck the pipe, which broke and permitted the gas to escape.

There has been some testimony to the effect that at the point of breaking the pipe disclosed a condition of corrosion, crumbling, raggedness, or other weakness, though the defendant offered evidence that the pipe was in good condition for the ordinary use and purpose for which it was designed; that its life was from fifty to sixty years or more, the pipe having been in use about thirty years at the time of the acci-

dent, and that the defendant had never had any complaint or any notice whatever of any alleged defective condition.

Conceding that this point alone might have presented a question for the jury rather than the court, were that the only issue involved, nevertheless, the plaintiff is bound to prove more than merely a defective condition in order to recover. He must prove that such defective condition was the proximate cause of the injury.

It is to that phase of the case that I have given particularly careful consideration on the defendant's motion for a directed verdict, for, unless the proof clearly shows that the defect in the pipe, assuming that there was a defect, was the proximate cause of the injury, or unless the proof present a fairly debatable question on that point, the plaintiff has no cause of action under the law, and the court must so rule.

The facts as to the finally determinative feature of the breaking are not in dispute. The plaintiff's own proof is that a glancing blow of the axe hit the pipe and the pipe broke.

It is true that the defendant, being in control of the supply of a substance dangerous to human life, was under the duty of exercising a high degree of care that such substance should not be allowed to escape in such manner as to endanger life or health, and to use the recognized means of confining it so as to avoid risk under all reasonably anticipatory conditions. Failure to use such care may expose the defendant to the charge of negligence. But, as before stated, the question on this motion is, even if the jury could find such negligence, was that negligence the proximate cause of plaintiff's injury?

In *Kelson* v. *Public Service Railroad Co.*, 94 *N. J. L.* 529; 110 *Atl. Rep.* 919, the Court of Errors and Appeals said:

"It is common knowledge that the negligence of the defendant must be the proximate cause of the plaintiff's injuries —the proximate cause is the efficient cause—the one that necessarily sets the other causes in operation. *Batton* v. *Public Service Corp.*, 75 *N. J. L.* 857. There must be an unbroken causal connection. The famous Squib case is a familiar illustration. *Scott* v. *Shephard*, 2 *W. Bl.* 892. The proximate cause is that cause which naturally and probably

lead to, and which might have been expected to produce, the result. *Wiley* v. *West Jersey Railroad Co.*, 44 *N. J. L.* 251; *Smith* v. *Public Service Corp.*, 78 *Id.* 478; 75 *Atl. Rep.* 937. Whether the cause is too remote to allow compensation by way of damages is a question of law to be decided by the court. *Mangan* v. *Atterton* (*L. R.*), 1 *Exch.* 239; *Clark* v. *Chambers* (*L. R.*), 3 *Q. B. D.* 327, 337."

In *Davenport* v. *McClellan*, 88 *N. J. L.* 654; 96 *Atl. Rep.* 921, the Court of Errors and Appeals said:

"An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause."

In *Migliaccio* v. *Public Service Railway Co.*, 101 *N. J. L.* 496; 130 *Atl. Rep.* 9, the Supreme Court said:

"It is necessary for a plaintiff, in order to recover, to prove that the defendant did an act or omitted to do an act which a person of ordinary prudence could foresee might naturally and probably produce the injury complained of, and that such act or omission did actually cause the injury. In many cases, perhaps the majority of cases, the inquiry turns upon the question as to whether there exists an intervening cause efficient in itself to produce the injury complained of. But it is as necessary for the plaintiff to establish the fact that the injury is one which might have been reasonably anticipated by the wrong-doer as it is to show that there was no other intervening cause efficient in itself to work the injury complained of. Anticipation is an essential element of proximate cause."

In the case we are trying, if the proof had shown that the plaintiff deliberately attacked the gas pipe with an axe, thus breaking it, it could scarcely be argued that the defendant would have been responsible for what happened, for it cannot reasonably be expected to have anticipated such an untoward contact and interference with the *status quo*. So, if the contact or interference in this case, the blow from the glancing

axe, instead of being deliberate, were merely accidental, a mishap or misfortune, I cannot see why the burden of such a mishap or misfortune should be transferred from the shoulders of the plaintiff, who initiated it, to the defendant, whose pipe line suffered it.

Assuredly some almost uncanny ill luck seems to have followed plaintiff's efforts to split his wood, but surely the events followed an independent act of the plaintiff and were in no way to be reasonably anticipated by defendant whose gas pipe lay quietly resting by the wall, holding intact the gas within adequately and effectively, until this outside agency disturbed its effectiveness by the unexpected attack. It is hardly conceivable, or reasonable to suppose, that gas pipes shall be maintained to survive blows of hard implements, whether intentionally or unintentionally inflicted.

If this be true, then the condition of the pipe was not in this case the proximate cause of the injuries, and a verdict of no cause of action will be directed in favor of the defendant.

Accordingly, the court will direct the jury to find a verdict of no cause of action in favor of the defendant in this case.