FRANK SCAMPORINO, BY HIS NEXT FRIEND, ANDREW SCAMPORINO, AND ANDREW SCAMPORINO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. CHAPMAN CHEVROLET CO., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLEE.

Argued October 3, 1944—Decided December 30, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the appellants, *Ward & McGinnis* and *Louis F. Friedman* (*Peter J. McGinnis*, of counsel).

For the appellee, *McCarter, English & Egner* (*Verling C. Enteman* and *Leon R. Ross*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question for decision in this negligence case is whether the trial judge erred in granting defendant's motion for a nonsuit. We answer the question in the negative.

The infant plaintiff by his father as his next friend, and the father individually, sued defendant to recover their respec-

tive damages resulting from the serious burns which the infant suffered by reason of the alleged actionable negligence of the defendant (creation of a dangerous agency) in the circumstances hereinafter stated. At the conclusion of the proofs submitted by and for the plaintiffs, none were offered by or for the defendant, defendant moved for a nonsuit on the ground that the proofs failed to disclose any actionable negligence on its part. Having concluded that defendant breached no duty, if any it owed the infant plaintiff, either as a "trespasser," or "licensee," or "invitee," and that the asserted liability of the defendant on the theory of having created a "dangerous agency" did "not apply" to the facts of the case at bar, the trial judge granted defendant's motion for a nonsuit and entered judgment accordingly. Hence this appeal.

The undisputed proofs are as follows: Defendant was "engaged in the business of buying and selling new and used automobiles" and "trucks" in the Town of Grantwood, Borough of Cliffside Park, New Jersey. In "connection" with its business, defendant used a vacant plot, not owned by it, consisting of about "twenty city lots," located in the "rear" of its place of business and facing "Gorge Road," for the purpose of parking its overflow cars. Children played on this plot. On the very day of the accident, April 2d, 1941, Henry Taylor, aged 13, Charles Condrow and Junior Maniere, each 10 years of age, and the infant plaintiff, then 8 years of age, were playing on one of the "rocks" at or near the spot on the lot where the Ford truck in possession of the defendant had been parked for some time. One of the children decided to take some gasoline out of the tank of the Ford truck. Taylor, the oldest boy, opened the door of the truck, removed the front seat, unscrewed the cap of the gasoline tank which was not locked, dipped a rag into the tank, "squeezed out the rag" into an empty paint can held by the infant plaintiff who was standing on the running board of the truck. There is proof that the infant plaintiff himself, as well as Taylor, removed some of the gasoline in the stated manner. In the process of wringing out the rag some of the gasoline spilled upon the left side of the infant's pants. After the can had

been approximately half filled with gasoline, Taylor told the infant plaintiff that he was going to build a fire. Thereupon the infant plaintiff walked away to the sidewalk adjacent to the lot where he bounced a tennis ball on the sidewalk trying to kill ants. Taylor dumped the drained gasoline on the fire which was about ten feet from the truck. Thereafter Taylor wrapped a rag around a stick and dipped the stick into the fire in order "to make a torch." The rag, of course, started to burn and Taylor commenced walking toward the infant plaintiff. While so walking the fire began to burn the stick. As the fire spread to where Taylor held on to the stick, he threw the stick away. The burning stick came into contact with the spot where the pants of the infant had been saturated with the gasoline. The clothes of the infant plaintiff caught fire and he received the burns which resulted in his protracted hospitalization and in the consequential damages to the father.

Not weighing the stated proofs but treating them and the legitimate inferences to be drawn therefrom as true, we are clear that no fair minded men could honestly differ as to the proper conclusions to be drawn therefrom, namely, that they fail to establish actionable negligence on the part of the defendant and hence the trial judge was not obliged to submit the case to the jury. *Cf. Dobrow* v. *Hertz,* 125 *N. J. L.* 347, 348; 15 *Atl. Rep.* (2*d*) 749; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Christine* v. *Mutual Grocery Co.,* 119 *N. J. L.* 149, 151; 194 *Atl. Rep.* 625. And we are equally clear that no view which the jury might have lawfully taken of the proofs and the legitimate inferences to be drawn therefrom favorable to the plaintiffs, would be sustained and hence the nonsuit was proper. *Sardino* v. *Agnellino,* 119 *N. J. L.* 7; 194 *Atl. Rep.* 137. *Cf. Shappell* v. *Apex Express, Inc.,* 131 *N. J. L.* 583, 589; 37 *Atl. Rep.* (2*d*) 849.

There is no basis in the proofs and in the applicable law for the argument that the defendant was negligent, because it parked the truck upon a lot not under its control and which was at the time used by children, because it did not guard the truck, because it did not keep the cap of the gaso-

line tank under lock and key, and therefore the truck and gasoline tank were easily accessible to children, with the resultant consequences to the infant plaintiff and his father. "Liability" for the stated consequences, it is argued, grows out of the defendant's "responsibility" for having created a "dangerous agency" within the holding of such typical cases as *Piraccini* v. *Director General of Railroads*, 95 *N. J. L.* 114; 112 *Atl. Rep.* 311; 36 *A. L. R.* 294 (kindling of a fire by railroad employee near a path long used by the public and by school children, and near a playground, for the purpose of cleaning the land of dry leaves), *Sarno* v. *Gulf Refining Co.*, 99 *N. J. L.* 340, 344; 124 *Atl. Rep.* 145; *affirmed*, 102 *N. J. L.* 223; 130 *Atl. Rep.* 919 (indifferent and unprotected spreading of gasoline upon a public street in a thickly populated environment); *Maher* v. *Magnus Co., Inc.*, 1 *N. J. Mis. R.* 469; *affirmed*, 99 *N. J. L.* 514; 123 *Atl. Rep.* 868 (leaving a tub containing sticks of phosphorous standing on highway in front of defendant's factory). In each of the typical cases cited and other comparable cases, the liability was based upon the alleged breach of the reasonable exercise of the "foresight for harm" doctrine. That is the rationale of the rule of due care. *Cf. Beck* v. *Hines*, 95 *N. J. L.* 158, 162; 112 *Atl. Rep.* 332. That principle is controlled by the facts of each case under consideration. The question in each case is whether the act of the *tort feasor* was such that, as an ordinary prudent person, he should have foreseen, by the reasonable exercise of "foresight for harm," that his act "may prove to be the proximate and superinducing condition of public danger and private injury." *Sarno* v. *Gulf Refining Co., supra* (at *p.* 344); *Cf. Petry* v. *Hopping*, 97 *N. J. L.* 418; 118 *Atl. Rep.* 105.

The facts in the case at bar do not invoke that principle. The truck here was on the lot where it had "been for some time" to the knowledge, but without protest, of the police department or, for aught that appears, without protest on the part of anyone else. There is neither allegation nor proof that the lot was illegally used. We know of no legal requirement, under the circumstances, on the part of the defendant either to have provided a guard for the truck, which is not

a dangerous instrument *per se* (*Wilson* v. *Brauer*, 97 *N. J. L.* 482; 117 *Atl. Rep.* 699; *Sheridan* v. *Arrow Sanitary Laundry Co.*, 105 *N. J. L.* 608; 146 *Atl. Rep.* 191), or to have kept the cap of the gasoline tank under lock and key. No such requirements are brought to our attention.

No ordinary prudent person could reasonably be expected to have foreseen either the stated conduct of the infants or the resultant injurious consequences which followed. Moreover, these consequences were not the proximate cause of the failure on the part of the defendant reasonably to exercise "foresight for harm." They clearly were the result of an intervening cause, the throwing of the burning stick by Taylor. *Cf. Davenport* v. *McClellan*, 88 *N. J. L.* 653; 96 *Atl. Rep.* 921; *Daniel* v. *Gielty Trucking Co.*, 116 *N. J. L.* 172; 182 *Atl. Rep.* 638.

Judgment is affirmed, with costs.