FRANK SCAMPORINO, BY HIS NEXT FRIEND, ANDREW SCAMPORINO, AND ANDREW SCAMPORINO, INDIVIDU- ALLY, PLAINTIFFS-APPELLANTS, v. CHAPMAN CHEV- ROLET CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 7, 1945—Decided April 19, 1945.

For the plaintiffs-appellants, *Ward & McGinnis* and *Louis C. Friedman* (*Peter J. McGinnis,* of counsel).

For the defendant-respondent, *McCarter, English & Egner* (*Verling C. Enteman,* of counsel).

PER CURIAM.

We concur in the conclusion of the Supreme Court that the judgment of nonsuit be affirmed for the reasons expressed in the opinion of Mr. Justice Perskie, reserving, however, the question of an intervening cause. The court held that under the proofs the defendant was not guilty of any act of negligence by reason of the parking of his automobile truck on the vacant lot, nor the failure to provide it with a guard, nor the failure to have kept the cap of the gasoline tank of the truck under lock and key, because such acts did not constitute a dangerous agency invoking the "foresight for harm" doctrine. It also concluded that the infant plaintiff's injuries were occasioned by an intervening cause, the throwing of the burning stick by a third party.

Having found that the proximate cause of the infant plaintiff's injuries was not the result of any act of wrongdoing on the part of the defendant, it became unnecessary to consider the question of whether there was an intervening cause in the act of an independent agency which destroyed the causal connection between the alleged negligent act of the defendant complained of and the wrongful injury.

*For affirmance* — THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 11.

*For reversal*—None.