**Joseph FRANK, Appellant,**

v.

**CRESCENT TRUCK COMPANY and Barrett Cravens Company.**

**No. 12023.**

United States Court of Appeals Third Circuit.

Argued Jan. 7, 1957.

Decided April 24, 1957.

Rehearing Denied May 22, 1957.

Harry Chashin, Paterson, N. J. (Marcus & Levy, Paterson, N. J., on the brief), for plaintiff-appellant.

Samuel Doan, Paterson, N. J. (Charles C. Stalter, Paterson, N. J., Aaron Dines, Hackensack, N. J., on the brief), for defendant-appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal by the plaintiff, Frank, from a judgment of involuntary dismissal entered at the conclusion of the plaintiff's case on motion of the defendant Barrett Cravens Co. in an action for negligent personal injury. The accident in suit occurred in New Jersey. Federal jurisdiction exists solely by the reason of diversity of citizenship. Therefore, the law of New Jersey supplies the rules and principles of tort liability by which the correctness of the court's action must be judged.

While operating a small "fork-lift" electric industrial truck within his employer's warehouse, Frank suffered a broken ankle when his foot was caught between a part of the truck and the wall of the building. Barrett Cravens Co. is sued as the manufacturer of the truck, it being plaintiff's theory that the proximate cause of his injury was a fault in the design of the vehicle. More particularly, it is complained that in the design of the truck the operator's platform was made so small and narrow as

**102**

not to provide a reasonably safe place to stand during operation of the vehicle.

The factual picture disclosed by plaintiff's case was rather clear. The truck was designed to operate in small areas and in this case was used to move goods within the warehouse of plaintiff's employer. The operator's station was a small platform, the edge of which constituted the rear perimeter of the vehicle. From front to rear this platform provided not more than ten inches of constantly useful standing room while the truck was operating. Electric power was controlled by a lever within the operator's reach. Braking was controlled by a pedal attached at floor level near the forward end of the operator's platform and extending, when unattended, back and upward at a forty-five degree angle across the platform. The pedal could be depressed in an arc from this elevated position, in which its free rear end was some six inches above the platform, to a horizontal position in which its surface was practically flush with the platform. In the raised position the brake was "on" or engaged. To release the brake it was necessary to apply downward force upon the pedal. Normally, while the truck was moving the operator merely stood upon the pedal thus keeping it horizontal in released position. When he removed his foot the pedal would rise automatically and engage the braking mechanism.

On the occasion in controversy this operation did not proceed normally. The plaintiff was backing the truck. While still several feet from the warehouse wall, he shut off the power, removed his foot from the brake pedal and placed his foot on the floor area from which the pedal had just risen. However, for some unknown reason, not claimed to be the fault of the manufacturer, the pedal lifted without any braking effect. In this emergency plaintiff raised his foot and placed the toe of his shoe under the ele-

vated end of the pedal in an attempt to obtain braking by forcing the pedal still higher. However, this maneuver failed, and while plaintiff's leg was thus flexed with his foot in an elevated and exposed position, the vehicle continued backward with considerable momentum until plaintiff's upraised ankle was crushed between the elevated end of the brake pedal and the wall.

On the motion to dismiss, the court considered these circumstances and other evidence concerning the truck's design. The court concluded that the plaintiff had failed to establish a prima facie case of actionable negligence by the manufacturer. The court also ruled that even if the evidence was sufficient to go to the jury on the issue of negligence, the narrowness of the platform was not the proximate cause of plaintiff's injury. We find it necessary to consider only this issue of proximate cause.

■ In combination, the causative events which immediately preceded the accident were a brake failure and plaintiff's response to that emergency by placing his foot in an abnormal elevated position under, against and extending beyond the raised end of the brake pedal. The question is whether, as a matter of law, these factors amount to a "superseding cause",[1] relieving the manufacturer of any responsibility which it otherwise might bear for personal injury to which the narrowness of the operator's platform may have contributed.

Viewed as an intervening force, the brake failure and the emergency corrective action attempted by the plaintiff were wholly independent of any fault in the design of the truck. The operator's procedure and the resulting position of his foot and ankle were extraordinary and quite beyond anyone's reasonable projection of events to be anticipated during the operation of the vehicle. Moreover, this intervening sequence of

1. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement, Torts § 440.

events involved some inadequacy of the maintenance or inspection of the braking mechanism. On the other hand, the antecedent conduct of the defendant created no more than a wholly disclosed physical setting in which the intervening force operated. These are hallmarks of a "superseding cause". See Restatement, Torts § 442.

We think New Jersey would regard these factors as constituting a superseding cause. Analogous and, if anything, less impelling combinations of causative factors have led the New Jersey courts to hold as a matter of law that the intervening cause is the proximate cause of injury and that no legal responsibility attaches to antecedent negligence. In Monaco v. Comfort Bus Line, E&A 1946, 134 N.J.L. 553, 49 A.2d 146, plaintiff sought to impose responsibility upon the counties which had constructed a bridge, for a fatal accident in which a bus had plunged from the bridge into a river below. Liability of the counties was predicated upon the fact that they had constructed the roadway of the bridge with a curb of less than standard height and an inadequate guard rail. The evidence showed that the bus driver had somehow lost control of the moving vehicle with the result that it swerved and mounted the curb and crashed through the railing. Among other grounds for sustaining a directed verdict for the defendant, the Court of Errors and Appeals held that the operation of the bus rather than the inadequacy of the curb and railing was the proximate cause of the accident. The court said " * * * It was incumbent on plaintiffs, in addition to proving negligence on the part of defendants, to prove affirmatively that such negligence, if any, was a proximate cause of the accident. Without doubt the primary cause was the action of the operator of the bus, his loss of control thereof or some other unexplained reason, for turning sharply and taking the course it did. Any failure to provide adequate curbing or railings was not a cause but a fortuitous condition." 49 A. 2d at page 149.

In Harty v. Elizabethtown Consolidated Gas Co., C.P.1933, 11 N.J.Misc. 382, 166 A. 132, an accident occurred when a householder, splitting wood in his cellar, accidentally struck and broke a gaspipe. There was evidence that a defective condition caused the gaspipe to break very easily, and on that theory the plaintiff sought to hold the gas company responsible. The court held, however, that the action of the householder rather than the condition of the pipe must, as a matter of law, be treated as the proximate cause of the accident. Cf. Scamporino v. Chapman Chevrolet Co., Sup.Ct.1945, 132 N.J. L. 302, 40 A.2d 347, affirmed 133 N.J.L. 27, 42 A.2d 11; Bratka v. Castles Ice Cream Co., 1956, 40 N.J.Super. 476, 123 A.2d 793. For comparable cases in other jurisdictions see Wood v. Carolina Telephone and Telegraph Co., 1949, 228 N.C. 605, 46 S.E.2d 717, 3 A.L.R.2d 1; Dallas v. Maxwell, 1923, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927.

On the facts of this case we hold that the ruling of the court below on the issue of proximate cause was in accordance with New Jersey law. In so deciding we have not considered the merits of the court's ruling on the issue of actionable negligence.

The judgment will be affirmed.