**MABRY FOUNDRY AND MACHINE COMPANY et al., Appellants,**

**v.**

**HOWARD MOTOR COMPANY, Inc.,**
**Appellee.**

**No. 6899.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 14, 1967.

Keith, Mehaffy & Weber, Beaumont, for appellants.

Wheat, Wheat & Stafford, Woodville, for appellee.

HIGHTOWER, Chief Justice.

This is an appeal by defendants from a summary judgment in favor of plaintiff.

Plaintiff's petition alleged in substance that defendant, Walter Overstreet, acting within the scope of his employment, parked a truck which he had been driving, belonging to Mabry Foundry and Machine Company, approximately 100 feet north of the Tall Pine Inn in Woodville, Texas. While Overstreet was inside the Inn drinking coffee, he left the truck unattended without properly setting the brakes, without chocking the wheels and without turning the right wheel thereof toward the right hand side of the highway, although said vehicle was parked on a grade, all of which was a violation of the laws of the State of Texas. While such vehicle was so parked unattended, it began to roll and move down said grade until it crashed into three automobiles and two pick-up trucks belonging to plaintiff and parked upon plaintiff's car lot, inflicting severe damage, each and all of the foregoing acts of omission and commission being negligence and a proximate cause of the damages.

In answer to plaintiff's claim, defendants filed a general denial, a plea of unavoidable accident, and further pled that the accident was due solely and proximately to the negligence of some third person not a party to the law suit.

In answer to requested admissions of fact, defendants denied that Overstreet failed to set the brakes and turn the wheels of his truck as alleged by plaintiff. They admitted that Overstreet left the truck unattended and failed to chock the wheels thereof as alleged.

Plaintiff filed a supporting affidavit signed by Hugh Howard as President of plaintiff, Howard Motor Company, Inc., in which he assessed the amount of damages sustained by the company's vehicles and stated that said damage had not occurred to them prior to the collision and were not the result of any cause other than the crash of the truck belonging to defendant, Mabry Foundry and Machine Company. On the strength of this affidavit, the pleadings and the admissions of fact, the trial court entered summary judgment in plaintiff's favor as aforesaid.

We hold the judgment to have been erroneously granted. The allegations of plaintiff's pleadings regarding negligence and proximate cause were not verified and could not be considered as affidavits. They were mere conclusions of law and hearsay. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317. Plaintiff's motion for summary judgment was not verified and cannot be considered as an affidavit, although it did no more than incorporate the plaintiff's pleadings and set the amount of damages incurred by plaintiff. The admissions made by defendants were not evidence of negligence and proximate cause of the collision, nor was the affidavit made by Hugh Howard.

Questions of negligence and proximate cause are usually issues of fact which cannot be determined on motion for summary judgment. Fuller v. Southwestern Greyhound Lines, Inc., Tex.Civ.App., 331 S.W.2d 455; Sullivan v. Sisters of St. Francis of Texas, Tex.Civ.App., 374 S.W. 2d 294. When defendants filed their general denial and special pleas in answer to plaintiff's petition, issues of fact were joined on every essential allegation made by plaintiff. Thereafter, it became plaintiff's burden to dispel such issues of fact by sworn motion, by affidavits and admissions of fact in this case. As above stated, none of the aforesaid instruments met the necessary requirements of proof. Accordingly, the judgment is reversed and the cause remanded to the trial court.

Reversed and remanded.