**Henry TUBB, Appellant,**

v.

**CARTER–GRAGG OIL COMPANY et al.,**
**Appellees.**

**No. 474.**

Court of Civil Appeals of Texas,
Tyler.

May 21, 1970.

Rehearings Denied July 2, 1970.

See also Tex.Civ.App., 443 S.W.2d 947.

Mac Lee Bennett, Jr., Normangee, Gallagher, Wilson, Berry & Jorgenson, Bob Roberts, Dallas, Byrd, Davis, Eisenberg & Clark, Austin, for appellant.

Haley, Fulbright, Winniford, Sessions & Bice, W. C. Haley, Waco, for appellees.

Spruiell, Lowry, Potter, Lasater & Guinn, F. Wilbert Tyler, Lasater, for appellee Jack Handorf on Motion for Rehearing only.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment granted the defendants. Suit was instituted by the Appellant Henry Tubb in the District Court of Leon County, Texas, against Appellees Carter-Gragg Oil Company, Jack Handorf, and Oscar Lee Gragg, seeking damages for bodily injuries sustained by Appellant in an accident which occurred on December 12, 1966, while Appellant was working on a ranch owned by Dr. Coleman Carter, Jr. Appellees filed pleas of privilege, each seeking to transfer the cause to the District Court of Anderson County, Texas and, at the conclusion of the venue hearing, the trial court of Leon County, entered an order transferring the cause as to all parties to the District Court of Anderson County. From the order aforesaid, the Appellant appealed, and the Court of Civil Appeals for the Tenth Supreme Judicial District affirmed, and the cause was transferred to the 87th Judicial District Court of Anderson County. Thereafter, Appellees filed a motion for summary judgment, which motion was contested by Appellant. At the conclusion of the hearing, summary judgment was granted to all of the Appellees. This appeal is from the order granting summary judgment.

While the case was pending and prior to the venue hearing, certain depositions were taken by the parties. These depositions were used in the venue hearing along with the testimony of Appellant. In support of the motion for summary judgment, by stipulation of the parties, the depositions and the Statement of Facts obtained upon the venue hearing were introduced and considered by the court, following which, on September 11, 1969, the court entered summary judgment in behalf of all of the Appellees. This appeal has been timely perfected by Appellant from the order granting summary judgment.

In order to properly present the points of error, upon which Appellant relies, the record upon which the trial court granted summary judgment must be reviewed in some detail. Appellant's petition alleged, and it is not in dispute, that the Carter-Gragg Oil Company, at all times material hereto, is a partnership composed of Oscar Lee Gragg and Dr. Coleman Carter, Jr. The record shows that the partnership has in its general employ Appellee Jack Handorf, who, among other duties, operates heavy equipment for the partnership. Oscar Lee Gragg and his wife own one-third of the partnership and Dr. Coleman Carter, Jr. and his wife own the remaining two-thirds. It is further without dispute that each of the partners own, in their individual right, farms or ranches in which the partnership has no interest. There existed a custom, or general understanding, between the partners that if either of them desired to borrow the partnership's employees, or its equipment, to perform work for the individual upon his own ranch or farm, he had that privilege, provided the employee was not then engaged in performing work for the partnership. It is undisputed that the partnership paid the sala-

ry for Handorf and the record does not show that either partner ever paid such employees out of individual funds.

On the occasion made the basis of the lawsuit, it is established beyond dispute that Dr. Carter, who is not a party to this lawsuit, desired to use the partnership's employee Handorf and a partnership truck to assist him in building an iron hay barn on one of his individually-owned ranches. Handorf had been employed by the partnership for about twenty (20) years and was an efficient employee and had had considerable experience in the operation of a gin pole truck. According to the record, Dr. Carter employed Appellant to build a garage and a barn on his individually-owned ranch. At the time of his accident, Appellant had been so engaged for about one and a half months. During the course of the work, Appellant decided that he needed the assistance of a gin pole truck and operator in order to assist him in the construction of the barn. Dr. Carter contacted Handorf requesting that he come over with the gin pole truck and assist Appellant in the construction work. Handorf had done no work on the hay barn before December 12, 1966, which was the date of the accident. Appellant testified that he needed the truck to raise the pipe upon the drill stem columns of the barn. The appellant did not remember whether he requested the assistance from Dr. Carter or the latter's foreman, but nevertheless, Handorf reported to Dr. Carter's ranch and while the truck was being used to lift a pipe, the pipe fell, knocked the Appellant from a ladder, resulting in severe injuries to Appellant. At the time of the accident, there were no other employees of Dr. Carter at the site. Handorf had been engaged in operating the winch truck and in assisting the lifting of the pipe and in doing so, taking signals from the Appellant. These facts appear without dispute and are conclusively established.

Appellant alleged numerous acts of actionable negligence on the part of Handorf and, in his controverting plea, asserted that Carter-Gragg Oil Company committed actionable negligence in furnishing to their employee Handorf a defective winch and in failing to warn Appellant of the dangerous condition of the winch. However, no evidence of probative force was offered by Appellant on the latter claims, and as briefed by Appellant, liability as against Appellees Carter-Gragg Oil Company and Oscar Lee Gragg is based upon the principle of respondeat superior.

■ The points of error upon which Appellant relies are that the trial court erred in granting the summary judgment because (a) there is ample evidence that Jack Handorf was an agent or employee of Carter-Gragg Oil Company, and (b) there is ample evidence of Handorf's negligent conduct, which is imputable to Carter-Gragg Oil Company. The trial court did not indicate the grounds upon which the summary judgment was granted, but inasmuch as judgment was granted in behalf of all Appellees, it must be assumed that the trial court found there was no evidence of probative force in the record raising issues of fact as to Handorf's employment or as to his negligence on the occasion in question, and that Appellees were entitled to judgment as a matter of law.

■ The rules governing the granting of summary judgment under Rule 166–A, Texas Rules of Civil Procedure, have been set forth clearly in numerous cases. The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion and if it involves the credibility of affiants or opponents, or the weight of the evidence or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Generally speaking, if uncontra-

dicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct, and positive, and there are no other circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup., 1965); T. E. Parrott, et al. v. Garcia, et al. 436 S.W.2d 897 (Tex.Sup., 1969).

■ In a case involving extrinsic evidence such as that now before the court, in determining a motion for summary judgment, the trial court's task is analogous to that which it performs upon a motion for directed verdict. Gulbenkian, et al. v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Vol. 4 McDonald, Texas Civil Practice, Sec. 17.26. In determining the matter of rendering or affirming a summary judgment in favor of a defendant, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup., 1970). The burden of proof rests upon the movants and Appellant is not required to prove anything. Stover v. Concrete Sawing and Sealing Corp., 440 S.W.2d 422 (Tex.Civ.App., Ft. Worth, 1969, no writ).

Applying these principles in the case at bar, we must determine whether the summary judgment proof shows as a matter of law that Handorf, at the time of the accident, was not then engaged in the furtherance of the business of his master, Carter-Gragg Oil Company. There is little doubt that Handorf was in the general employ of Carter-Gragg Oil Company, but this is not the determinative issue to be decided.

■ The summary judgment proof in this case consisted of the pleadings, orders, the Statement of Facts obtained upon the venue hearing, and the depositions of Oscar Lee Gragg, Jack Handorf, Dr. Coleman Carter, Jr., and Henry Tubb. All parties rely upon this record as establishing their respective contentions. As we view the record there is little, if any, dispute that Handorf was instructed by someone with Carter-Gragg Oil Company to go to the ranch of Dr. Carter and there assist the Appellant in the construction of the hay barn which was owned by Dr. Carter. This is established by Dr. Carter, Jack Handorf and Oscar Lee Gragg. The Appellant did not dispute this. It is further shown by these depositions that the work being performed by Handorf and Appellant at the time of the accident was upon the individually-owned ranch of Dr. Carter, in which neither the oil company nor Oscar Lee Gragg had any interest. The record does not show that Dr. Carter paid the partnership for the use of Handorf or the equipment. There is no proof offered to dispute the arrangement and it was conclusively established in the record that the partnership received no pecuniary benefit for the work performed by Handorf on Dr. Carter's ranch. Appellant argues however that since each partner of the partnership, by custom, had the privilege of using the parnership's employees to perform the personal work of the partners, this privilege was a benefit to the partnership and was therefore in the furtherance of its affairs. It is our opinion however that such an arrangement was a benefit only to the individual members of the partnership, and the partnership as an entity received no pecuniary benefit therefrom. Certainly Handorf in performing work for Dr. Carter on the occasion in question was not furthering the business or interests of the partnership. Appellant further argues that inasmuch as one of the partners Oscar Lee Gragg directed the partnership's employee to assist the work of Dr. Carter, that such work would be considered in the furtherance of the affairs of the partnership. This argument is not persuasive, because the work actually being performed at the

time was nonetheless for the exclusive benefit of Dr. Carter on his individually-owned property. The fact was conclusively established that Handorf was authorized to perform personal work for the partners only when partnership work or business did not require his services. If partnership work required his services, Handorf would have terminated his work for Dr. Carter and returned to and performed the work of the partnership.

The summary judgment proof establishes conclusively that there is no genuine issue of fact as to whether Handorf, at the time of the accident, was performing work for his employer, Carter-Gragg Oil Company, and it is conclusively established that at such time he was not acting for or performing work for the benefit of his master. It follows therefore that the summary judgment granted below, as to Appellees Carter-Gragg Oil Company and Oscar Lee Gragg, should be affirmed.

As hereinabove indicated, Appellant alleged numerous acts of negligence against Appellee Handorf. It was alleged that Handorf negligently allowed the slack to get into the cable which held and supported the pipe and that he failed to set the winch in such a way that the pipe could not fall and that he negligently failed to warn Appellant that the winch was in a defective condition. Other acts alleged were that Handorf failed to secure the end of the pipe in such a way as to prevent it from falling and that he negligently left the winch without first properly securing it to prevent the formation of slack in the line. Other allegations alleged that Handorf negligently extended the boom arm of the winch in an improper manner and that he failed to keep the winch, winch line and pipe properly secured. The summary judgment proof relating to such allegations is weak and probably insufficient to sustain a verdict so

finding, but it is not our province on this hearing to test the sufficiency of the evidence or pass upon the credibility of witnesss.

Appellant testified upon the venue hearing, which record is a part of the summary judgment proof, that if the pipe had been secured in a different manner, it would not have fallen and that the Appellee Handorf left the truck at a time when he should have been there to prevent the line from slipping. He further testified that Handorf could have picked up the pipe with the winch line which action would have prevented the pipe from falling and injuring Appellant. It is our opinion that although this evidence is weak and far from satisfactory, the same is sufficient to adequately raise issues of fact as to actionable negligence on the part of Appellee Handorf. We hold that, as opposed to the summary judgment, the evidence and testimony from Appellant Tubb alone was sufficient to raise fact issues as to Handorf's negligence and proximate cause in the manner in which he operated the gin pole truck and winch line on the occasion in question. Texas Bitulithic Co. v. Caterpillar Tractor Co., 357 S.W.2d 406 (Tex.Civ. App., Dallas, 1962, n. r. e.). Applying the principles so well established the summary judgment proof, as to Appellee Handorf, does not establish conclusively that there is no genuine issue of fact as to his actionable negligence at the time the Appellant sustained his injuries. It follows that the trial court erred in rendering summary judgment for Appellee Handorf.

The judgment of the trial court granting summary judgment in favor of Appellees Carter-Gragg Oil Company and Oscar Lee Gragg is affirmed and the judgment granted by the trial court in favor of Appellee Handorf is reversed and this case as to Handorf is remanded to the trial court.

Judgment affirmed in part and reversed and remanded in part.