Lynn SMITH d/b/a Nacogdoches Marine, Appellant,

v.

MUCKLEROY ENTERPRISES, Appellee.

No. 917.

Court of Civil Appeals of Texas, Tyler.

April 29, 1976.

Bill McWhorter, McWhorter & Earley, Nacogdoches, for appellant.

Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment rendered in favor of one of the defendants in a negligence case. Lynn Smith d/b/a Nacogdoches Marine sought recovery from Muckleroy Enterprises and Truman Jones for the destruction by fire of his marine supply shop's inventory. The trial court severed the cause of action against Truman Jones and granted summary judgment in favor of Muckleroy Enterprises.

Muckleroy Enterprises, a partnership, owned the building in which the fire started. Part of this building was occupied by Nacogdoches Marine under a two year lease; the other part had previously been occupied by a dry cleaning business which had ceased operations. The dry cleaning equipment was to be removed from the building by Truman Jones pursuant to an agreement with Muckleroy Enterprises. The fire started when Jones's cutting torch ignited some dry cleaning fluid.

The original petition alleged that at the time of the fire Truman Jones was the agent of Muckleroy Enterprises; it further alleged that both Truman Jones and Muckleroy Enterprises were guilty of negligent conduct which proximately caused the damage to the marine supply business. Muckleroy Enterprises answered with a general denial and moved for a summary judgment.

The summary judgment proof consisted of the original petition and answer and the depositions of R. G. Muckleroy and Truman Jones. The motion for summary judgment stated that the only basis claimed by the plaintiff's petition for any liability of Muckleroy Enterprises was the contention that Truman Jones was the agent of Muckleroy Enterprises. The motion for summary judgment further stated that the depositions showed that no such agency relationship existed. The summary judgment stated that the pleadings and depositions showed an absence of any genuine issue of material fact which could establish the liability of Muckleroy Enterprises.

The function of a summary judgment is the elimination of patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972). A defendant's motion for summary judgment is required to meet the plaintiff's case as pleaded and demonstrate that the plaintiff cannot prevail. *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex.1976); *Parmlee v. Texas & N. O. R. R. Co.*, 381 S.W.2d 90, 91 (Tex.Civ.

App.—Tyler 1964, writ ref'd n. r. e.). In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176 (Tex.1972); *Harrington v. Young Men's Christian Association of Houston*, 452 S.W.2d 423 (Tex.1970); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof rests upon the movant and all doubts are resolved against it; the opponent is not required to prove anything. *McDonald v. Clemens*, 464 S.W.2d 450 (Tex.Civ.App.—Tyler 1971, n. w. h.); *Tubb v. Carter-Gragg Oil Co.*, 455 S.W.2d 843, 847 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.); *Stover v. Concrete Sawing & Sealing Corp.*, 440 S.W.2d 422 (Tex. Civ.App.—Fort Worth 1969, n. w. h.); *Great American Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). "Summary judgments are not to be granted on default of the opponent, but only on the merit of the summary judgment proof." *Swilley v. Hughes,* supra.

■ The original petition in this case raised fact issues as to the vicarious and primary liability of Muckleroy Enterprises.[1] The motion for summary judgment and the depositions, however, were directed only at the agency relationship alleged to exist between Truman Jones and Muckleroy Enterprises. Only the existence of a fact issue as to vicarious liability was disputed and the existence of a fact issue as to the primary liability of Muckleroy Enterprises was not discussed, much less negated. The issue of negligence is ordinarily one of fact, requiring a full development of all facts as a basis for a proper finding. When the evidence presented in a negligence case shows that the facts have not been sufficiently well developed, then a summary judgment is improper. *Loud v. Sears, Roebuck & Co.*, 262 S.W.2d 548 (Tex.Civ.App.—Dallas 1953, n. w. h.). The record before us shows no full development, if any, of facts regarding negligence on the part of Muckleroy Enterprises. The petition of the plaintiff was originally answered by the appellee with a general denial. The general denial puts the plaintiff on proof of every fact essential to his case and all material facts asserted by the plaintiff, except those which are required to be denied under oath, are put into issue. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742 (Tex.1973). It is well settled in this state that questions of negligence and proximate cause are usually issues of fact which cannot be determined on motion for summary judgment. *Mabrey Foundry and Machine Co. v. Howard Motor Co.*, 422 S.W.2d 238 (Tex.Civ.App.—Beaumont 1967, n. w. h.); *Sullivan v. Sisters of St. Frances of Texas*, 374 S.W.2d 294 (Tex.Civ.App.— San Antonio 1963, n. w. h.); *Fuller v. Southwestern Greyhound Lines, Inc.*, 331 S.W.2d 455 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.). Therefore, upon the filing of the general denial, each material contention of negligence alleged by the plaintiff became a fact issue to be determined at a trial on the merits.

■ Neither the motion for summary judgment nor the summary judgment proof negated the issue of the primary liability of Muckleroy Enterprises. Nevertheless, the summary judgment disposed of the whole case when it found "an absence of any genuine issue of material fact which could establish liability against [Muckleroy Enterprises]." A summary judgment in favor of a defendant upon the whole case is proper only if, as a matter of law, the plaintiff could not succeed upon any of the theories pleaded. *Marshall v. Garcia*, 514 S.W.2d 513, 518 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Gunnels v. Atcheson*, 288 S.W.2d 878, 882 (Tex.Civ.App.—

---

1. Although the allegations of this petition were vague and couched in general terms, no special exceptions were filed to point out the obscurity or generality.

Amarillo 1956, n. w. h.). Since there existed a fact issue upon which the alleged negligence on the part of Muckleroy Enterprises could be based, the summary judgment in favor of Muckleroy Enterprises was improper.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.