**Winifred McCLURE, Petitioner,**

v.

**ALLIED STORES OF TEXAS, INC., d/b/a Joske's, et al., Respondents.**

No. B–9354.

Supreme Court of Texas.

Nov. 5, 1980.

Rehearing Denied Dec. 10, 1980.

---

**3.** Article 1.11A was amended, effective August 27, 1979, to provide an appeal from the final decision of the Comptroller.

Edward Berliner, Austin, for petitioner.

Delno J. Grosenheider and David M. Moore, Austin, for respondents.

DENTON, Justice.

This action for damages was brought by Winifred McClure against Allied Stores of Texas, Inc., d/b/a Joske's, Arvid Sundbeck, Ellen McChesney, Terry Ockletree, and Carl Ray Thomas for personal injuries sustained by her as a result of being knocked down by a fleeing shoplifter. The trial court entered a judgment for the plaintiff based upon a jury verdict. The court of civil appeals reversed and rendered judgment that plaintiff take nothing. 595 S.W.2d 165. We reverse the judgment of the court of civil appeals and remand the cause to that court for further consideration.

On October 11, 1975, Mrs. Winifred McClure and a friend went to Highland Mall in Austin to do some shopping. They arrived at approximately five o'clock that Saturday afternoon. Shortly thereafter, Terry Ockletree and Carl Ray Thomas were in the process of stealing several men's shirts from the Budget Department of Joske's. They were observed by Arvid Sundbeck and Ellen McChesney, two security guards employed by Joske's. The two shoplifters left Joske's and entered the mall area. Sundbeck and McChesney followed and attempted a peaceful apprehension. One of the shoplifters shoved Sundbeck and both took off running in different directions through the crowded mall closely pursued by Sundbeck and McChesney. The shoplifter whom Sundbeck was chasing collided with Mrs. McClure. As a result of the collision, Mrs. McClure was knocked to the floor and into a large planter. She sustained injuries to her head and neck and dislocated her right shoulder.

Suit was filed against Joske's, the two security guards, and the shoplifters for personal injuries. The case was tried before a jury. In answer to special issues, the jury found the security guards were negligent in pursuing the shoplifters after the peaceful arrest attempt failed and the guards' negligent pursuit was a proximate cause of Mrs. McClure's injuries. The jury also found that Joske's failed to train properly Sundbeck and McChesney; that such failure was negligence and a proximate cause of Mrs. McClure's injuries. Damages of $35,582.00 were found and the trial court rendered judgment on the verdict. Joske's and the security guards appealed. The court of civil appeals reversed and rendered judgment that Mrs. McClure take nothing holding there was no evidence of probative force to support the finding of proximate cause.

Mrs. McClure contends that the court of civil appeals erred in reversing the trial court, because the record shows there is some evidence that Sundbeck's negligent pursuit of the shoplifter was a proximate cause of her injuries.

Proximate cause includes two essential elements: (1) foreseeability, and (2) cause in fact. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1975); *East Texas Theaters, Inc. v. Rutledge*, 453 S.W.2d 466, 468 (Tex. 1970). Both elements must be present, *Missouri Pac. R. Co. v. American Statesman, supra*, 103, and may be established by direct or circumstantial evidence. *Farley v. M M Cattle Co., supra*, 755. Proximate cause cannot be established by mere guess or conjecture, but rather must be proved by evidence of probative force. Foreseeability is satisfied by showing that the actor, as a person of ordinary intelligence, should have anticipated the danger to others by his negligent act. *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970). Cause in fact means that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred. *Texas & P. Ry. Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex.1967). Where failure to use ordinary care actively aids in producing an injury as a direct and existing cause, it need not be the sole cause, but it must be a concurring cause and such as might reasonably have been contemplated as contributing to the result under the attending circumstances. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103–104 (Tex.1977).

The problem here is whether there is evidence from which reasonable minds could draw an inference that Sundbeck's negligent pursuit was a cause in fact of the collision. The plaintiff is not required to distinguish all possible inferences, but must only show that the greater probability was that the negligent pursuit probably caused the injury. *Birmingham v. Gulf Oil Corp.*, 516 S.W.2d 914, 917 (Tex.1974).

Respondents contend that in order to find proximate cause in this case, the jury had to stack one presumption upon another. This Court has held that a presumption of fact cannot rest on a fact presumed. *East Texas Theaters, Inc. v. Rutledge*, 453 S.W.2d 466, 469 (Tex.1970). In this case, however, we are not dealing with presumptions but rather with inferences which may or may not be drawn by the jury. Under the rules relating to inferences, this Court has held that a number of inferences may be drawn from a single fact situation. *Farley v. M M Cattle Co., supra*, 757.

The court of civil appeals found no evidence of proximate cause. In deciding a "no evidence" point, which is a question of law, we consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and we must reject all evidence or inferences contrary to the finding. *East Texas Theaters, Inc. v. Rutledge*, 453 S.W.2d 466, 467 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The evidence viewed in the light most favorable to the jury findings, shows that Arvid Sundbeck and Ellen McChesney, both probationary security guards, failed to act in accordance with the policies and procedures for apprehension of shoplifters adopted by Joske's. This security policy admonished that the safety of agents, personnel, customers, and store employees is of "first priority."[1] At the time in question, the mall was crowded with shoppers. In contravention of Joske's security policy and on their own initiative after the unsuccessful arrest attempt, Sundbeck and McChesney pursued the shoplifters running through the mall for a "considerable distance" resulting in the collision injuring Mrs. McClure. According to the testimony of witnesses, Sundbeck was described as being "right on his trail," "five to seven feet behind" the shoplifter. There was testimony that Sundbeck failed to act cautiously by "pushing people out of the way during the chase." The shoplifter was described as "weaving and dodging" through the crowd to avoid intentionally hitting anyone in his attempt to evade the security guard.

A reasonable inference drawn from this evidence is that the shoplifters began to run as a result of the unsuccessful arrest attempt, and ran like they did because they were being closely pursued by Joske's security guards. While other inferences can be drawn, we must accept that inference most favorable to the jury finding, and reject those inferences to the contrary. *See Garza v. Alviar, supra*, 823. The jury could reasonably have concluded that Sundbeck's negligence was a "substantial factor in bringing about the injury and without which no harm would have been incurred." *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). Under the rule set forth in *Missouri Pacific* we hold that Sundbeck's negligent act was a substantial factor, a cause in fact, and a proximate cause of the collision resulting in the injuries to Mrs. McClure. Accordingly, we hold the jury finding of proximate cause to be supported by some evidence.

The respondent, as appellant, presented several points of error in the court of civil appeals which were rendered immaterial under its holding. Some of

---

1. How to Apprehend the Shoplifter

.  .  .  .  .

g. In the event the shoplifter refuses, balks, and/or attempts to strike Agent, reasonable force can be used. However, if the shoplifter becomes extremely violent, and/or has a weapon, Agent should back off—personal safety of Agent, *personnel, customers, and store employees should take first priority*, and apprehension and merchandise recovery secondary. (emphasis in original)

these points challenge the sufficiency of the evidence to support the findings of the jury in answer to special issues. Since this Court has no jurisdiction to determine these points of error, we remand to the court of civil appeals to pass on those points. *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869, 872 (Tex.1973); *Wood v. Kane Boiler Works*, 150 Tex. 191, 238 S.W.2d 172, 178 (1951).

The judgment of the court of civil appeals is reversed and the cause is remanded to that court for determination of the points of error not heretofore considered.