James E. CLARK, Appellant,

v.

SOUTH LOOP NATIONAL
BANK, Appellee.

No. 01–86–00732–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1987.

Rehearing Denied Oct. 22, 1987.

George W. Dana, Novelli, Harvie & Dana, Houston, for appellant.

Gary L. Murphree, Urban & Coolidge, Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

Clark appeals from a partial summary judgment in favor of South Loop National Bank, denying his right to recover for personal injuries caused by a heart attack, because the trial court found that his heart attack was not proximately caused by the bank's actions.

The record reflects that Clark, a customer of South Loop National Bank, received a bank statement in April, 1978, which showed seven forged checks totaling $405.39 had been paid out of his checking account. On April 19, 1978, Clark went to the bank and demanded that his account be refunded. The bank allegedly refused to credit his account. Later that evening, Clark suffered a heart attack. Clark brought an action to recover for fraud, bad faith, unfair bargaining position, violations of banking law, and for personal injuries and damages arising from his heart attack, which he claimed was proximately caused by the bank's actions. The trial court granted the bank a partial summary judgment on Clark's claim for personal injuries, and an agreed judgment was entered between the parties as to all other issues.

In his sole point of error, Clark contends that the trial court erred in granting the partial summary judgment. The only question before us is whether the bank established as a matter of law that the heart attack was not proximately caused by its actions.

Although questions of negligence and proximate cause are issues of fact, which usually cannot be determined by a motion for summary judgment, *Smith v. Muckleroy Enter.*, 537 S.W.2d 104 (Tex. Civ.App.–Tyler 1976, no writ), the bank is entitled to summary judgment as a matter of law upon a showing that there is no genuine issue of material fact as to one or more elements of Clark's cause of action. *See Beall v. Lo–Vaca Gathering Co.*, 532 S.W.2d 362 (Tex.Civ.App.–Corpus Christi 1975, writ ref'd n.r.e.). To establish an entitlement to a summary judgment as a matter of law, the evidence favoring the bank cannot be considered as summary judgment proof unless it is uncontradicted. *Tabor v. Medical Center Bank*, 534 S.W.2d 199 (Tex.Civ.App.–Houston [14th Dist.] 1976, no writ). The bank must show that Clark cannot, as a matter of law, prove proximate cause. *Glenn v. Prestegord*, 456 S.W.2d 901 (Tex.1970).

Proximate cause consists of two elements: (1) cause in fact and (2) foreseeability. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). Cause in fact means that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred. *Texas & Pac. Ry. Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex.1967). Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the danger to others created by his negligent act. *Clark v.*

*Waggoner,* 452 S.W.2d 437, 440 (Tex.1970). Both elements must be present to prove proximate cause, and may be established by direct or circumstantial evidence. *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901 (Tex.1980); *Farley v. M.M. Cattle Co.,* 529 S.W.2d 751 (Tex.1975).

■ The only evidence before the trial court was the deposition of Dr. Anne H. Doughtery, Clark's cardiologist. Her testimony must be viewed in a light most favorable to the nonmovant for summary judgment. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962). Moreover, every reasonable inference must be indulged in favor of Clark, and all doubts resolved on his behalf. *Nixon v. Mr. Property,* 690 S.W.2d at 548–549.

Doughtery testified that it was theoretically possible, and even likely, that there is a causal relationship between stress and myocardial infarction; that if the events at the bank were sufficiently stressful to Clark, the subsequent heart attack could be related; that stress can precipitate a heart attack on one day, as opposed to another; that the events at the bank were possibly "the straw that broke the camel's back"; that although she could not assess the probability, she believed it was "somewhere between zero and a hundred percent in probability, but not either one of the two extremes"; and that it was a "very real possibility" that the events were a "precipitating cause" of Clark's heart attack.

The bank contends that proximate cause was not established as a matter of law because the mere possibility that an act of negligence might have been the proximate cause of damages from a medical viewpoint is not sufficient to support recovery. *Valdez v. Lyman–Roberts Hosp., Inc.,* 638 S.W.2d 111 (Tex.App.–Corpus Christi 1982, writ ref'd n.r.e.); *Bellaire Gen. Hosp., Inc. v. Campbell,* 510 S.W.2d 94 (Tex.Civ.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). However, it was the bank's burden to establish as a matter of law that the bank's actions were *not* a proximate cause of Clark's injuries, i.e., that there was no reasonable medical probability that the bank's actions caused the heart attack. *See Lenger v. Physician's Gen. Hosp.,* 455 S.W.2d 703 (Tex.1970).

Although Dougherty would not testify that it was more probable than not that the bank's actions caused the heart attack, she did testify that it was "somewhere between zero and a hundred percent in probability, but not either one of the two extremes." No other evidence was presented on the subject. Therefore, the bank failed to conclusively establish as a matter of law that its actions did not probably cause the heart attack. Doughtery's testimony raised a fact issue regarding reasonable medical probability.

Because there is an unresolved issue relating to the factual question of causation, Clark's sole point of error is sustained.

The judgment of the trial court is reversed, and this cause is remanded to the trial court.

## DISSENTING OPINION ON MOTION FOR REHEARING

DUGGAN, Justice, dissenting.

I respectfully dissent from the majority's decision to overrule the motion for rehearing (without opinion). I would grant South Loop National Bank's motion for rehearing and affirm the summary judgment because the bank conclusively established that there was no genuine issue of material fact as to proximate cause.

Proximate cause consists of both "cause in fact" and "foreseeability," and both of these elements must be present to prove proximate cause. *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570 (Tex.1985). The evidence recited in the original opinion addresses only the element of "cause in fact." I agree that South Loop National Bank did not establish as a matter of law that the bank's actions were not the probable cause of Clark's injury. *See Lenger v. Physician's Gen. Hosp.,* 455 S.W.2d 703 (Tex. 1970). Dr. Dougherty equivocated on the issue of "cause in fact," vacillating between medical "probability" and "possibility"; therefore the bank could not totally negate this element of proximate cause.

However, "cause in fact" is only one element of proximate cause. The majority opinion does not address the second element of proximate cause, whether the heart attack was "foreseeable." "Foreseeability" means that the actor, as a person of ordinary intelligence, should have perceived that the same or a similar injury would have occurred as a result of his negligent act or omission. *Ortiz v. Santa Rosa Medical Center,* 702 S.W.2d 701 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.).

The basis for "foreseeability" in negligence rests on the following analysis:

> Human beings in their common dealings with each other in society should be required to exercise some degree of deliberation or forethought. It would be unreasonable to require them, before doing or refraining from doing a particular act, to exhaust the field of speculation concerning every possible or conceivable consequence which might result from their conduct. It is just that one should be charged with the duty to anticipate those consequences which in the ordinary course of human experience might reasonably be expected to result therefrom, and therefore that he should be held legally responsible for those consequences.

*Dallas v. Maxwell,* 248 S.W. 667, 670 (Tex. Comm'n.App.1923, holding approved).

Legal liability does not attach to an act or omission unless the alleged wrongdoer could have reasonably anticipated the probable harm from his or her conduct. In determining whether the actor should have known that the conduct involved a risk to another, the actor is to be judged by the standard of the reasonable person, and the actor is said to have known of the risk actually or constructively if he would have known of it by exercising "such attention, perception of the circumstances, memory, knowledge of other pertinent matters, intelligence, and judgment as a reasonable man could have." Restatement (Second) of Torts sec. 289 (1965).

As indicated in the majority opinion, the only evidence before the trial court was the deposition testimony of Dr. Doughtery.

The following testimony concerned foreseeability:

Q: Would you, based upon your opinion as a doctor, an expert in cardiology, expect a person using ordinary care to have foreseen if they treated Mr. Clark the way the bank treated him that he would have gone home and had a heart attack?
A: Well, I am sure that there are a lot of people who have been treated similarly who have not had heart attacks.

\* \* \* \* \* \*

Q: If—would you expect that heart attack to be the result of that activity?
A: In most people, it probably would not have been.

\* \* \* \* \* \*

Q: Would it have gone through your mind as an expert in cardiology that Mr. Clark may have a heart attack because of this?
A: Yes, I would certainly have considered it a risk.
Q: Looking perspectively [sic]?
A: If I had known that he had coronary disease.
Q: If you had known that he had coronary disease?
A: Right.

\* \* \* \* \* \*

Q: You would not consider the heart attack to be the natural result of that, would you, or the usual result?
A: In Mr. Clark?
Q: In anyone?
A: In anyone. *I would say that in most people with similar experiences one would not expect a heart attack.*

(Emphasis added.)

Dr. Doughtery's testimony negated the element of foreseeability. Therefore, because both "cause in fact" and "foreseeability" must be present to prove proximate cause, and because the bank negated the "foreseeability" element with the testimony of Clark's own doctor, the bank was entitled to a summary judgment. Proximate cause was negated as a matter of law. If the bank could not reasonably fore-

see any physical injury as a result of its acts, there is no negligence and no liability.

For these reasons, I would grant South Loop National Bank's motion for rehearing and affirm the summary judgment.