TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00574-CV






Cary Psencik and Debra Psencik, Appellants




v.




Sheldon Sheveland and Mary Sheveland, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-03730-A, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 Appellants Cary and Debra Psencik sued Sheldon and Mary Sheveland and other parties
claiming violations of the Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§
17.41-.63 (West 1987 & Supp. 1997); violations of the fraudulent real property transfer statute, Tex. Bus.
& Com. Code Ann. § 27.01 (West 1987); and fraud. The trial court granted summary judgment in favor
of the Shevelands and severed the Psenciks' claims against them from the claims against the remaining
parties. (1) The Psenciks appeal the trial court's summary judgment. We will reverse the trial court judgment
and remand the cause.

BACKGROUND


 The Psenciks decided to purchase a home, and their realtor, Ron Culver, arranged for them
to visit the Shevelands' home in Round Rock, Texas. The Psenciks walked through the Shevelands' home
and, after visiting other homes, looked at the Shevelands' home again. On the second visit, the Psenciks
talked with the Shevelands. The Shevelands told the Psenciks about recent improvements including an
upgraded air conditioner and water heater and discussed the siding and windows that had been installed. 
Sheldon Sheveland also told the Psenciks that the home had been treated for termites, and the record
shows that Sears performed the treatment. When the Psenciks asked if any termites had been present, he
assured them that the house had not had termites; rather, he explained that the house was treated as a
preventative measure because a neighbor had termites.

 On February 19, 1992, the Psenciks received the owner disclosure statement from the
Shevelands. Under the heading "Active Termites" and "Wood Destroying Insects" the Shevelands had
marked "yes" and then crossed out and initialed it, marking "unknown." The Shevelands again answered
"unknown" in response to the inquiry "Previous Termite Damage." They marked "yes" in two places with
respect to "Previous Termite Treatment;" however, "NO TERMITES BUT TREATED" was written on
the side of the form. When the Psenciks asked about the changed marks, they were told that Sheldon
Sheveland misunderstood the form and inadvertently marked the wrong boxes.

 Five days later, on February 24, the Psenciks and the Shevelands entered into an earnest
money contract. The preprinted form contained a clause and handwritten notation stating:


 PROPERTY CONDITION: (Check A or B)


 X Buyer accepts the Property in its present condition, subject only to FHA
or VA repairs and NONE . 



The Psenciks also waived a termite inspection by executing another preprinted form.

 At the closing on April 3, the parties discovered that the FHA required a termite inspection. 
The Psenciks hired Bug Master Exterminating Service, which found no termites. Two or three months after
the closing, the Psenciks discovered termites in the home. The Psenciks sued the Shevelands claiming
violations of the DTPA, violations of the fraudulent real property transfer statute, and common law fraud. 
See Tex. Bus. & Com. Code Ann. §§ 17.41-.63; & 27.01. The Shevelands moved for summary judgment
on the grounds that (1) the "as is" clause in the earnest money contract negated the element of causation
for each of the Psenciks' claims, and (2) the Psenciks' decision to hire and rely upon a termite inspector
also negates the element of causation. The trial court granted summary judgment in favor of the Shevelands
and severed the claims against them from the Psenciks' remaining claims against the other defendants. The
trial court subsequently denied the Psenciks' motion for new trial. The Psenciks appeal, challenging the
summary judgment by four points of error.


STANDARD OF REVIEW


 The standards for review of a summary judgment are well settled: (1) the movant must
show there is no general issue of material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, the court must take
evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in the nonmovant's favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 A defendant seeking summary judgment based on a plaintiff's inability to prove its case
must conclusively disprove at least one element of each of the plaintiff's causes of action. Lear Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Only when the defendant disproves one of the essential
elements of a cause of action does the plaintiff carry the burden of producing controverting evidence and
raising a fact issue as to the negated element. See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979).

 Because the propriety of a summary judgment is a question of law, we review the trial
court's decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a
trial court does not state the basis for its decision in its summary judgment order, we must uphold the order
if any of the theories advanced in the motion are meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989). Conversely, we must reverse the order if we find no valid legal basis in the motion. 
Because the trial court did not state the basis for its ruling, we will address each of the challenged arguments
in turn.



DISCUSSION


 In their second point of error, the Psenciks argue the trial court erred in relying on grounds
not presented in the Sheveland's motion for summary judgment. The summary judgment rule, Texas Rule
of Civil Procedure 166a(c), expressly provides that the motion for summary judgment shall state the specific
basis therefor. Summary judgment, therefore, could not properly be based on the Shevelands' argument
that the Psenciks' decision to rely on a termite inspector was a new and independent cause of damages
because the Shevelands' motion did not urge that as a specific ground for judgment. Tex. R. Civ. P. 166a;
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342-43 (Tex.1993). When a motion for
summary judgment asserts only grounds A and B, it cannot be upheld on grounds C or D, which were not
asserted, even if the summary judgment proof supports them and the responding party did not except to
the motion. McConnell, 858 S.W.2d at 342. Because the order granting summary judgment does not
specify the grounds the court relied on, we must affirm the judgment if any of the theories raised in the
motion for summary judgment is meritorious. State Farm Fire & Casualty. Co. v. S.S., 858 S.W.2d 374,
380 (Tex.1993). We, therefore, sustain point of error two; however, we must also examine the Psenciks'
remaining points of error regarding the two grounds stated in the motion for summary judgment to determine
whether the summary judgment can be upheld on one of those grounds.

 The Psenciks argue in their first point of error that the trial court erred in granting summary
judgment because genuine issues of material fact exist. The issues raised by this point of error relate
directly to points of error three and four regarding the element of causation in the Psenciks' claims;
therefore, we will address any issues of fact with the discussions of those points of error.

 In their third point of error, the Psenciks contend the trial court erred in granting summary
judgment because the "as is" clause did not, as a matter of law, negate the issues of reliance or causation. 
Proof of causation is essential for recovery on both of the Psenciks' causes of action. For DTPA
violations, for example, only producing cause must be shown. Tex. Bus. & Com. Code Ann. § 17.50(a). 
And for fraud or intentional misrepresentation, proximate cause must be shown. See DeSantis v.
Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990), cert. denied, 498 U.S. 1048 (1991); Darwin v.
Fugit, 914 S.W.2d 621, 627 (Tex. App.--Fort Worth 1995, writ denied). The element common to both
proximate cause and producing cause is actual causation in fact. Prudential Ins. Co. of Am. v. Jefferson
Assoc., Ltd., 896 S.W.2d 156, 161 (Tex. 1995); General Motors Corp. v. Saenz, 873 S.W.2d 353,
357 (Tex. 1993). This requires proof that an act or omission was a substantial factor in bringing about an
injury which would not otherwise have occurred. Prudential Ins. Co. of Am., 896 S.W.2d at 161;
McClure v. Allied Stores of Tex., Inc., 608 S.W.2d 901, 903 (Tex. 1980).

 Generally, a buyer's agreement to buy a building or home "as is" precludes the buyer from
proving that the seller's conduct caused the buyer any harm. By agreeing to purchase something "as is,"
a buyer agrees to make his own appraisal of the bargain and to accept the risk that he may be wrong. Id.;
Mid Continent Aircraft Corp. v. Curry County Spraying Serv. Inc., 572 S.W.2d 308, 313 (Tex.1978). 
The seller gives no assurances, express or implied, concerning the value or condition of the thing sold. 
Prudential Ins. Co. of Am., 896 S.W.2d at 161; see Tex. Bus. & Com. Code Ann. § 2.316(c)(1) (West
1994). A buyer is not bound, however, by an agreement to purchase something "as is" when he is induced
to make the agreement because of a fraudulent concealment of information by the seller. Prudential Ins.
Co. of Am., 896 S.W.2d at 162; Smith v. Levine, 911 S.W.2d 427, 432 (Tex. App.--San Antonio
1995, writ denied).

 The Psenciks' evidence in response to the motion for summary judgment shows
Sheldon Sheveland knew termites were previously present because he signed a Sears Termite and Pest
Control treatment form which indicated that termites and termite damage were found. Additionally, the
summary judgment evidence shows that when the Psenciks asked him about termites, Sheveland told them
that the house had been treated only as a preventative measure, denied that termites had been discovered,
and did not reveal that termites were actually found. Because we must grant all reasonable inferences and
resolve all conflicts in favor of the nonmovant, and because we believe reasonable minds could think the
Psenciks signed the earnest money contract containing the "as is" clause as a result of concealment by the
Shevelands, we hold the summary judgment proof establishes a question of fact on the issue of fraudulent
concealment. We, therefore, sustain the Sheveland's third point of error.

 In their fourth point of error, the Psenciks contend the summary judgment was improper
because Bug Master's inspection on the day of closing did not, as a matter of law, constitute a new and
producing cause of their damages. As we determined in our discussion of the Psenciks' second point of
error, the Shevelands did not assert this basis in their motion for summary judgment. Rather, they raised
it for the first time during arguments at the summary judgment hearing, and it was, therefore, not a ground
on which the trial court could properly base judgment. The Shevelands' motion did, however, allege as
a ground for summary judgment the closely related issue of the Psenciks' reliance on their own inspections
of the home and the termite inspection negating the element of causation for each of the Psenciks' claims.

 In some instances, reliance on the buyer's own inspections of the property or professional
inspections conducted at the buyer's request have been held to negate the wrongdoings of the seller. See
Dubow v. Dragon, 746 S.W.2d 857, 860 (Tex. App.--Dallas 1988, no writ). In Dubow, the buyers of
a luxury home visited the home on two occasions and noticed the home's poor repair. Id. at 858. 
Additionally, they hired several businesses to inspect the home; the reports after the inspections noted
existing and potential problems with the foundation, plumbing, electrical system, heating and air
conditioning, and others. Id. After receiving these reports, the Dubows negotiated a lower price for the
house and signed a contract containing an "as is" clause. Id. at 859. The court of appeals upheld summary
judgment granted against the Dubows, concluding that the Dubows' careful inspection superseded the
seller's wrongful act.

 This case is only similar to Dubow because the Psenciks visited the home two times, hired
a termite inspector, and negotiated for the price of the home. However, while the Dubows could personally
observe structural problems, the Psenciks were not able to see any termite damage; the Dubows hired
multiple professionals to inspect the home and create a report before closing while the Psenciks hired Bug
Master on the day of closing to inspect for termites for the purpose of obtaining FHA financing; and while
the Dubows negotiated a substantially lower price for their home due to their inspection and the inspection
and report by engineers, nothing in the record indicates that the negotiations for the price of the Shevelands'
house related to the "as is" clause or any possible concerns about termites.

 The Psenciks' evidence in their response to the motion for summary judgment includes
Debra Psencik's affidavit and the depositions of both Cary and Debra in which both stated that they relied
on Sheldon Sheveland's representations that there had been neither termite activity nor termite damage. 
We, therefore, cannot conclude as a matter of law that the Psenciks' two visits to the home and the termite
inspection on the day of the closing negated the Shevelands' presumed wrongful act of informing the
Psenciks that the home had never had termites or termite damage. Because we must resolve all conflicts
in favor of the Psenciks, a question of fact remains as to whether the Psenciks relied on Bug Master's
determination that the house had no termites or termite damage. Summary judgment, therefore, could not
be granted as a matter of law regarding the Psenciks' reliance on Bug Master's inspection because a
genuine issue of fact remains as to whether Bug Master's inspection negated the Shevelands' wrongful
concealment of information. We, therefore, sustain the Psenciks' fourth point of error. Additionally,
because we hold that genuine issues of fact exist regarding each stated ground for summary judgment, we
also sustain the Psenciks' first point of error.

CONCLUSION


 Because the summary judgment cannot be supported by either of the grounds raised in the
motion for summary judgment, we reverse the judgment of the trial court and remand this cause to the trial
court for a trial on the merits.



 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and B. A. Smith

Reversed and Remanded

Filed: June 26, 1997

Do Not Publish

1. The Psenciks also sued Bill Nations individually and d.b.a. Century 21--Bill Nations Realty; Ronald
Culver; Marjorie Troublefield; Richard Smith Company d.b.a. Coldwell Banker Richard Smith, Realtors;
Bug Master Exterminating Service, Inc.; and R. B. Kershner. 


earing, and it was, therefore, not a ground
on which the trial court