**HANG ON II, INC., d/b/a Peep-n-Tom's, Appellant.**

v.

**Shelby Jean TUCKEY, Appellee.**

**No. 2–97–121–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1998.

claim. *See Crawford,* 917 S.W.2d at 14–15.

John L. Gamboa, Fort Worth, for Appellant.

Mark Steven Humphreys, Grand Prairie, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

DAY, Justice.

Shelby Jean Tuckey sued Appellant Hang–On–II, Inc. ("Hang–On") for damages after she fell and broke her arm while working at Hang–On. The trial court rendered judgment on the jury's verdict in favor of Tuckey for $84,500.

Hang–On filed a motion for new trial and a motion for judgment non obstante veredicto (n.o.v.), alleging that there was no evidence or insufficient evidence to support the jury's findings on special issues number one, two, five, and six. The trial court denied both motions. On appeal, Hang–On challenges the legal and factual sufficiency of the evidence to support the jury's findings that Tuckey was Hang–On's employee, that Tuckey was acting within the scope of her employment at the time of her injury, and that Hang–On's negligence proximately caused Tuckey's injury. Hang–On also contends that it had no duty as a matter of law to insure that Tuckey performed her work in a proper manner because she was an independent contractor.

Because Tuckey presented no evidence that Hang–On's negligence was the proximate cause of her injury, we reverse the judgment of the trial court and render a take-nothing judgment in favor of Hang–On.

## BACKGROUND

Due to the disposition of this case, our discussion of the facts is limited to those relevant to the proximate cause issue.

On June 30, 1995, Tuckey arrived at Hang–On, a topless bar, to work the evening shift as a cocktail waitress. Shortly after midnight, Tuckey walked up two stairs, stepped up onto the dancers' main stage, and retrieved the dirty glasses sitting on the edge of the disc jockey's booth. As she came back down the stairs, her foot missed a step and she fell, breaking her elbow. Tuckey filed suit against Hang–On, alleging that the bar was negligent in failing to provide a guardrail and adequate lighting around the steps where she fell, and that her injury was caused by this negligence.

At trial, Tuckey testified about the accident and introduced medical records to substantiate her damages. The defendant called three Hang–On employees: Francis Clough, a manager, Dwayne Boyd, a disc jockey, and Margie Littleton, a dancer. Each witness testified that they were present on the night Tuckey fell and offered controverting evidence about the accident.

The jury answered in favor of Tuckey on special issues number one, two, five, and six, finding that (1) Tuckey was Hang–On's employee, (2) she was within the scope of her employment at the time of the accident, (3) Hang–On's negligence was a proximate cause of her injury, and (4) she was entitled to $84,500 in damages as a result of the injury. Hang–On filed a motion for new trial and a motion for judgment n.o.v., which the trial court denied. Hang–On thereafter timely perfected its appeal.

## STANDARD OF REVIEW

■ When we review a no-evidence point, we review all of the evidence in the light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference that may be deduced from the evidence must be indulged in that party's favor. *See Associated Indem. Corp. v. Cat Contracting, Inc.*, 964 S.W.2d 276, 285 (Tex.1998) (citing *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970)); *Formosa Plastics Corp. USA v. Presidio Engineers and* *Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) (citing *Harbin*, 461 S.W.2d at 592). If there is more than a scintilla of competent evidence supporting the jury's finding, it must be upheld and the no-evidence challenge must fail. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex.1990); *Navarette v. Temple Indep. Sch. Dist.*, 706 S.W.2d 308, 309 (Tex.1986). If negligence can reasonably be inferred from direct or circumstantial evidence, there is more than a scintilla of evidence. *See Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1975); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263, 265 (Tex.1974). But if the evidence creates nothing more than a mere surmise or suspicion of negligence, the evidence is the legal equivalent of no evidence. *See Martinez*, 515 S.W.2d at 265.

## THE LAW

■ Because Hang–On did not subscribe to workers' compensation insurance, Tuckey was required to establish that Hang–On was negligent to recover damages for her personal injuries. *See* TEX. LABOR CODE ANN. § 406.033(a), (d) (Vernon 1996). To prevail on a negligence claim, a plaintiff must plead and prove that the defendant's negligence was the proximate cause of her injury. *See Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996). Proximate cause consists of cause in fact and foreseeability. *See Leitch*, 935 S.W.2d at 119; *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985); *Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). Foreseeability means that the actor should have anticipated the dangers that its negligent act created for others. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992); *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex. App.—Fort Worth 1996, writ denied). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995); *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980); *American Statesman*, 552 S.W.2d at 103–04; *Hall*, 919 S.W.2d at 466.

In this case, Hang–On does not challenge the foreseeability of Tuckey's injury. As a result, we will only review the evidence to determine whether Tuckey proved that Hang–On's negligence was the cause in fact of her injury.

■■■ Cause in fact must be proven by evidence of probative force, and cannot be established by mere conjecture, guess, or speculation. *See Boys Clubs,* 907 S.W.2d at 477; *McClure,* 608 S.W.2d at 903. Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible. *See Boys Clubs,* 907 S.W.2d at 477; *Bell v. Campbell,* 434 S.W.2d 117, 120 (Tex.1968). The burden is on the plaintiff to present probative evidence that her injury was the natural and probable result of the defendant's negligence. *See Boys Clubs,* 907 S.W.2d at 477; *Texas Am. Bank v. Boggess,* 673 S.W.2d 398, 402 (Tex.App.—Fort Worth 1984, writ dism'd by agr.).

■■■ In this case, Tuckey alleges that Hang–On negligently caused her injuries by not providing sufficient lighting or guardrails on the steps leading from the floor up to the dancers' stage and disc jockey's booth. At trial, she testified to the following:

- her duties as a waitress included picking up dirty glasses from the disc jockey's booth;
- to get to the disc jockey's booth, she walked up two steps to a table-high stage by the booth;
- the lighting in the club was "dark" or "very dim" and the air was hazy from cigarette smoke on the night of her injury;
- she could barely see the steps because of the dim lighting;
- the steps were more narrow than the length of her foot, forcing her to step sideways on them;
- the steps were covered in old carpet;
- she fell after her foot missed the top step; and
- she suffered injuries as a result of her fall.

Tuckey also described how the accident occurred several times, using the same or similar language each time. She stated:

- "I didn't slip, I—my foot hit the end of that [first] step … and then I went off. I missed the step completely … except for just a little bit of my foot on the end of that [top] step;"
- "my foot hit the side of that step and I went off;"
- "I walked up that stage, got those bar glasses, turned around and my foot missed … the step, and I was off of it;"
- " I walked up those steps, got those bar glasses, turned around and my foot went a little on that step and I was off on my arm and my knee."

While Tuckey's testimony may be some evidence that Hang–On breached its duty to provide a safe workplace, it is insufficient to support the jury's verdict for damages *caused by* that breach. The mere occurrence of an injury at work, without more, is not probative evidence that Tuckey's harm occurred as a result of Hang–On's negligence. Conspicuously absent in this case is testimony from Tuckey or any other evidence that her injury occurred *because* she could not see the steps or because there was no guardrail by the stairs. *Cf. Woodlawn Mfg. Inc. v. Robinson,* 937 S.W.2d 544, 549 (Tex.App.—Texarkana 1996, writ denied) (holding that appellee's testimony that her fall was caused by coolant on the floor was legally and factually sufficient evidence to support jury's proximate cause finding).

■■■ Although the jury is free to make reasonable inferences from the evidence, it may not speculate as to the cause of a plaintiff's injury or guess why it may have happened. *See Boys Clubs,* 907 S.W.2d at 477; *McClure,* 608 S.W.2d at 903; *Lenger v. Physician's Gen. Hosp., Inc.,* 455 S.W.2d 703, 706 (Tex.1970). There is simply no evidence in this case from which the jury could reasonably conclude that Tuckey's fall resulted from the dim lights and lack of a guardrail. Nor is there evidence that she would not have fallen even if the bar had been well lit and a guardrail provided. As a result, we find that there is no evidence that Hang–On's negligence did anything more than furnish a

condition that made the injury possible. This cannot sustain the jury's verdict that Hang–On proximately caused her injuries.

## CONCLUSION

Because we find that there was no evidence to support the jury's finding that Hang–On's negligence proximately caused Tuckey's injury, we hold that the trial court should have granted Hang–On's motion for judgment n.o.v. on that issue. Accordingly, we sustain Hang–On's second point.

■ When we sustain a "no evidence" point, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See* TEX. R. APP. P. 43.3; *Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176, 176 (Tex.1986) (quoting *National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969)). Accordingly, we reverse the trial court's judgment denying a judgment n.o.v. on the issue of proximate cause, and we render judgment that Tuckey take nothing.[1]

---

1. Having sustained point two and rendered a take-nothing judgment, we need not address Hang–On's remaining points.