**Opinion issued April 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00616-CV

————————————

### ANTONIO GARCIA TAX A/K/A MARIO A. CUA, Appellant

### V.

### HOUSTON DISTRIBUTING COMPANY, INC., Appellee

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-39878**

---

## MEMORANDUM OPINION

Appellant, Antonio Garcia Tax, also known as Mario A. Cua ("Tax"), challenges the trial court's summary judgment in favor of appellee, Houston Distributing Company, Inc. ("HDC"), in Tax's suit against HDC for negligence.

In his sole issue, Tax contends that the trial court erred in granting HDC summary judgment.

We affirm.

## Background

In his second amended petition, Tax alleged that on June 10, 2011, he was loading beer bottles into a "cooling container" at Sawyer Sportsbar ("Sawyer"), his place of employment, at the direction of Sawyer's owner, Darren Van Delden. While loading the bottles, one of them "exploded," which "caused pieces of the beer bottle to become imbedded" in Tax's right eye. As a result, Tax was unable to remain employed and experienced "severe pain and suffering." Alleging that HDC "delivered the defectively manufactured and dangerous bottle," Tax sued HDC for negligence "in the marketing, care, handling, and/or transporting of the bottle," in failing "to inspect the bottles for known defects," and in failing "to have and properly execute appropriate procedures to protect and warn the public and employees of proper inspection and handling procedures." Tax also brought negligence and premises-liability claims against Sawyer and Van Delden. And, alleging that the defendants acted with malice, he sued HDC, Sawyer, and Van Delden for intentional influction of emotional distress.

In its second amended answer, HDC generally denied Tax's allegations and pleaded comparative negligence on the part of Tax. HDC further asserted that it

2

was not negligent or grossly negligent and it did nothing that would constitute a contributing cause of Tax's injuries. In its summary-judgment motion, HDC asserted that "HDC owed no duty" to Tax, its conduct "was not a proximate cause" of his injuries, and Tax did not "state any facts that would support the claim for gross negligence/malice against HDC." HDC later filed a "Supplement to Its Traditional Motion for Summary Judgment," in which it "include[d] a No-Evidence Motion for Summary Judgment with regard to [Tax's] cause of action for intentional infliction of emotional distress."

HDC attached to its motion the deposition of Tax, who testified that one of his obligations at Sawyer was to transport alcohol from the downstairs "walk-in cooler" to the area behind the upstairs bar. Beer was delivered to Sawyer on Thursdays, Fridays, and Saturdays between 12:00 and 1:00 p.m., and it was placed in the walk-in cooler. On June 10, 2011 between 10:00 and 10:30 p.m., Tax took a box of Dos Equis beer from the walk-in cooler and placed the individual bottles into two portable coolers, which he was to carry upstairs to the bar. After placing about ten or twelve bottles into the second cooler, Tax placed another bottle into the cooler, but it "exploded." He did not notice anything unusual about the bottle before the incident. When the bottle exploded, Tax's vision "immediately" became "blurry." Although he "passed out," Tax suffered no cuts or bruises anywhere on his body. He later threw the bottle into the garbage that had

3

exploded. Subsequently, he discovered that glass from the bottle had pierced his right eye, causing him to be "completely blind" in that eye.

In his response to HDC's summary-judgment motion, Tax asserted that HDC "had the right of control over the subject beer bottle, which proximately caused" his injuries, and had notice of "the propensity of beer bottles to explode." Tax attached to his response a copy of a petition, filed in the 280th District Court of Harris County in 2002, in which the plaintiff was injured by a beer bottle that exploded in her hand. The plaintiff sued HDC and Miller Brewing Company, alleging that they were negligent in the "manufacture, design, and/or marketing," the "care, handling and/or transporting," and the delivery of the bottles. Tax also attached to his response his affidavit, in which he testified that he "was given no warning by HDC that some of the beer bottles were or could have been defective."

After the trial court granted HDC summary judgment, HDC moved to sever Tax's claims against it from his claims against Sawyer and Van Delden. And the trial court granted HDC's motion for severance.[1]

## Standard of Review

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there are no genuine

---

[1] Both parties designate the style of the case on appeal as "*Antonio Garcia Tax AKA Mario A. Tax v. Sawyer Sportsbar, Inc. d/b/a Sawyer Park, et al.*" However, because the trial court severed Tax's claims against Sawyer and Van Delden, HDC and Tax are the only parties to this appeal.

4

issues of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341. In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant must be taken as true, and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995); *Lawson v. B Four Corp.*, 888 S.W.2d 31, 33–34 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

## Summary Judgment

In his sole issue, Tax argues that the trial court erred in granting HDC summary judgment because "HDC has a duty to warn others with whom it transacts business and sells the bottles, that under certain circumstances, the beer bottles can and will explode in the hands of those handling them." Tax also asserts that genuine issues of material fact exist regarding whether HDC proximately caused his injuries.

The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3)

5

damages proximately resulting from the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). The threshold inquiry in a negligence case is duty. *El Chico*, 732 S.W.2d at 311. A duty is "a legally enforceable obligation to conform to a particular standard of conduct." *Hand v. Dean Witter Reynolds Inc.*, 889 S.W.2d 483, 491 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citing *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App.—Dallas 1993, writ denied)).

The components of proximate cause are cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). These elements cannot be established by mere conjecture, guess, or speculation. *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex. 1975). The test for cause in fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (citing *McClure*, 608 S.W.2d at 903); *see Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458–59 (Tex. 1992); *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex. 1988). Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Bell v. Campbell,* 434 S.W.2d 117, 120 (Tex. 1968). "The evidence

must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries" and "justify the conclusion that such injury was the natural and probable result thereof." *Doe*, 907 S.W.2d at 477 (quoting *Carey v. Pure Distrib. Corp.*, 124 S.W.2d 847, 849 (Tex. 1939)); *see also Boyd v. Fuel Distribs., Inc.*, 795 S.W.2d 266, 272 (Tex. App.—Austin 1990, writ denied) (holding that convenience store's sale of beer to eighteen-year-old was not cause in fact of intoxicated driver's fatal car accident because sale was to passenger and not to driver).

Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985). The danger of injury is foreseeable if its "general character . . . might reasonably have been anticipated." *Id.* at 551 (quoting *Carey*, 124 S.W.2d at 849) (emphasis omitted). The question of foreseeability, and proximate cause generally, involves a practical inquiry based on "common experience applied to human conduct." *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987) (quoting *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 236 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)).

Here, regarding the foreseeability of his injury, the only summary-judgment evidence presented by Tax was a single plaintiff's petition, filed in 2002, in which

7

it was alleged that HDC and Miller Brewing Company had been negligent in the manufacture and delivery of a beer bottle that had exploded in the plaintiff's hand. However, there is no indication as to how that suit was resolved or whether it was even meritorious. HDC's only apparent connection to the beer bottles in question was in transporting them to Sawyer, not manufacturing them.[2] And Tax testified that he noticed nothing unusual about the beer bottle before it exploded in his hand, indicating that even if HDC had inspected each bottle for alleged defects, the injury would still have not been foreseeable. From this summary-judgment record, we cannot conclude that Tax has raised a genuine issue of material fact as to whether his injury could have been reasonably anticipated by HDC. *See Doe*, 907 S.W.2d at 478 ("Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury.") (citing RESTATEMENT (SECOND) OF TORTS § 435(2) (1965)).

Furthermore, regarding whether HDC's actions proximately caused his injuries, Tax testified that HDC delivered the beer to Sawyer at some time between 12:00 and 1:00 p.m. Tax, however, did not handle the beer bottle until between 10:00 and 10:30 p.m., nine or ten hours after HDC had delivered the beer to

---

[2] We note that Tax has not brought a claim of products liability against the manufacturer in this case. Rather, he has brought claims only against the distributor, HDC, in addition to Sawyer and Van Delden.

Sawyer. Tax cites to no evidence that HDC negligently handled or transported the bottles. Nor does he cite any evidence that the explosion of the bottle was in any way related to HDC's handling of it. Cause in fact is not established where the defendant's actions do no more than furnish a condition which makes the injury possible. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004); *Doe*, 907 S.W.2d at 477 (explaining that defendant's conduct may be too attenuated to constitute legal cause of alleged injury "even if the injury would not have happened but for the defendant's conduct") (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991)). And, in his briefing to this Court, Tax addresses proximate cause with the bare assertion that "genuine issues of material fact exist regarding whether [he] sustained injuries/damages for which HDC is liable." From this record, we cannot conclude that Tax has established that HDC proximately caused his injury above "mere conjecture, guess, or speculation." *See McClure*, 608 S.W.2d at 903.

Accordingly, we hold that the trial court did not err in granting HDC summary judgment.

**Conclusion**

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.